UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 08-143-HRW

TERRY MEYER,                                                                    PLAINTIFF,

v.                **MEMORANDUM OPINION AND ORDER**

PHOTOFAX, INC.,
and SHAWN SMITH,                                      DEFENDANTS.

This matter is before the Court upon Defendants' Motion for Protective Order [Docket No. 8]. The matter has been fully briefed by the parties and stands ripe for decision. For the reasons set forth herein, the Court finds that Defendants have not established reasons sufficient for the entry of a protective order.

At issue is Plaintiff's Amended Notice of Depositions pertaining to the depositions of a corporate representative of Defendant Photofax, Inc. ("Photofax") and Defendant Shawn Smith [Docket No. 8-4]. Defendants object to the Amended Notice on the grounds that, first, the notice does not describe with reasonable particularity the matters for examination for Photofax's corporate representative and, second, the notice requires both Defendants to appear in Kentucky for their depositions.

1

Fed.R.Civ.P. 30(b)(6) permits a party to name in a Notice of Deposition a corporation:

> **(6) *Notice or Subpoena Directed to an Organization.*** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and *must describe with reasonable particularity the matters for examination*. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed.R.Civ.P. 30(b)(6)(emphasis added).

The Rule requires that the Notice describe the areas of intended inquiry with "reasonable particularity."  Having reviewed the subject Amended Notice, the Court finds no deficiency in this regard.  Indeed, short of providing the deponent with a list of questions prior to the deposition, Plaintiff has notified Photofax of the subjects upon which testimony will be taken.  Moreover, although Defendants claim that the Amended Notice "utterly fails to comply" with the requirement of reasonably particularity, they fail to state with specificity how it fails.

With regard to Defendant's objection to the situs of the depositions, Defendants argue that as Photofax has no real corporate presence in Kentucky and as Defendant Smith is not a routine visitor to the Commonwealth, it would be quite inconvenient for them to be deposed in Kentucky.

It is well settled that "(t)he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business," especially when, as in this case, the corporation is the Defendant. 8 C.Wright & A.Miller, Federal Practice & Procedure § 2112 at 410 (1970).

It is equally axiomatic, however, that the Court has broad discretion in determining the appropriate place for depositions. *Id.* at 404-405. *See also,* 4 J.Moore & J.Lucas, Moore's Federal Practice 30.25[2] (3d ed. 2009). In exercising its discretion, the Court must balance the relative equities in each case. *See Turner v. Prudential Insurance Company of America,* 119 F.R.D. 381(1988). In other words, there is no formula; rather, the inquiry is based upon the particular facts and circumstances of each case

Photofax is an Illinois corporation with its principal place of business in Gilberts, Illinois, situated near Chicago. Defendant Smith is a resident of Illinois. Yet, in this case, a number of factors serve to dissipate the presumption in favor of Illinois and have persuaded the undersigned that the depositions should be

conducted in Kentucky.

First, counsel for both parties are located in Kentucky.

Second, Photofax does business nationwide and knowingly undertook an assignment in Kentucky. Therefore, it could reasonably expect to be called upon to defend claims and actions brought against it in Kentucky arising from the assignment. *See, e.g. Turner v. Prudential Insurance Company,* 119 F.R.D. at 384.

Moreover, Photofax is licenses to conduct its business - private investigations - in Kentucky. It currently holds a license from the Kentucky Board of Licensure for Private Investigators. Clearly, Photofax intends to continue to do business in Kentucky. As such, it should expect defend against claims brought against it in Kentucky.

Finally, whereas Photofax is a corporation, Plaintiff is an individual lacking the resources to undertake travel to Illinois. Although Plaintiff's presence is not required at the deposition, he certainly has the right and would want to attend.

The onus is upon the movant, in this case the Defendants, to establish good cause for a protective order. However, absent from the record is an argument on

4

the part of Defendants of true hardship.  For example, Defendants have not argued that the absence of its corporate representative from Photofax's principal place of business would hinder the day-to-day operations of Photofax.  *Cf. Buryan v. Max Factor & Co.,* 41 F.R.D. 330 (D.C. N.Y. 1967)(the circumstances that all five officers constituting top management of corporation resided in California and operated corporation's business there, rarely coming to New York, that they were required at corporation's California office for day-to-day decisions, and that their absence from California for pretrial interrogation of the usual indefinite length would cause serious problems to corporation necessitated that examinations be conducted in California).

Nor have Defendants plead financial constraints which would render travel to Kentucky unduly burdensome.

Finally, there does not appear to be an oppressive document production at issue in this matter, such that would make travel to Kentucky, and transporting such  documents impractical.

Rather, Defendants' argument amounts to a claim of inconvenience.  Alas, thus is the nature of litigation - inconvenience.   Moreover, it would behoove Defendants to become familiar with the Commonwealth, as their presence will be required for the pretrial conference as well as the trial of this matter.  They must,

therefore, be able to find their way to Ashland and there is no time like the present.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order [Docket No. 8] be **OVERRULED**.

This June 25, 2009.

Signed By:
Henry R Wilhoit Jr.
United States District Judge