UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 08-143-HRW

TERRY MEYER,                                                                       PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

PHOTOFAX, INC.,
and SHAWN SMITH,                                                         DEFENDANTS.

This matter is before the Court upon Defendants' Motion to Strike Plaintiff's Additional Expert Disclosure [Docket No. 20].

This is a defamation case in which Plaintiff Terry Meyer alleges that the Defendants defamed him by providing altered and/or biased surveillance footage to his disability insurer, resulting in the termination of his long term disability benefits [Docket No. 1-4].

On March 24, 2009, the undersigned entered a Scheduling Order which provided, *inter alia*, that Plaintiff disclose the identity of expert witness who may be used at trial as well as the written reports of the experts no later than July 31, 2009 [Docket No. 7].

On July 30, 2009, Plaintiff's counsel served upon Defendants' counsel a

1

Disclosure of Expert Witnesses [Docket No. 20-4]. Plaintiff, by counsel, stated:

Disclosure of Expert Witnesses [Docket No. 20-4]. Plaintiff, by counsel, stated:

> [T]he exact allegations set forth herein do not necessarily require the assistance of expert witnesses. However to the extent that Plaintiff is required to prove his actual disability in this matter, he will utilize Dr. James Scott Powell[1] as a witness.

[Docket No. 20-4].

On August 28, 2009, Plaintiff filed an Additional Disclosure of Expert Witnesses [Docket No. 18]. This document purports to identify Dave Thueneman as ea expert witness in this matter. In his filing, Plaintiff states that Mr. Thueneman will testify that he has examined the video footage taken of Plaintiff by Defendants and that, in his opinion, the footage and accompanying report deviate from the standards of private investigators. According to the disclosure, Mr. Thueneman will also testify that the video shows Plaintiff performing activities that are consistent with his limitations.

The Court finds that Plaintiff's disclosure of Mr. Thueneman as an expert witness to be both untimely and deficient.

First, Plaintiff's disclosure is clearly untimely. Filed nearly a month following the deadline established by the Court, the disclosure is not accompanied by a motion seeking leave of Court to extend the deadline. Nor is there any

---

[1] Dr. Powell is Plaintiff's treating physician.

explanation in the disclosure itself which explains the belated disclosure.

Further, the disclosure falls shorts of the requirements set forth in Fed.R.Civ.P. 26(a)(2)(B) which requires that an expert witness disclosure be accompanied by a report, signed by the expert, containing:

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> **(ii)** the data or other information considered by the witness in forming them;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(b).

The proffered disclosure is not accompanied by a report or any other document which would satisfy the Rule.

Finally, although Mr. Thueneman believes that Plaintiff's activities, as reflected in the subject video footage, are consistent with his limitations, there is nothing in the record which qualifies Mr. Thueneman to render such an opinion.

Moreover, these conclusions may well encroach upon the province of a jury to decide such questions.

It seems that Plaintiff's Additional Expert Witness Disclosure fails in all respects.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Additional Expert Disclosure [Docket No. 20] be **SUSTAINED**.

This September 17, 2009.

Signed By:
Henry R Wilhoit Jr.
United States District Judge